UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:07-CR-00117-7-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| ARTHUR J. ANDERSON JR., | ) | |
| Defendant | ) | |

This matter is before the court on defendant's 11 June 2010 "objection," which the court construes as a motion to direct the government to cease its collection efforts directed to Gail Russell. The government has filed a response.

On 6 October 2008, defendant was ordered to make restitution in the amount of approximately $2,000,000 to a number of victims. According to documents defendant filed in support of the instant motion, the government issued a subpoena duces tecum to Gail Russell, defendant's fiancee, commanding her to appear on 20 April 2010 to testify at a deposition and produce "[a]ny and all documentation of all monies, property, or other assets received from or being held for [defendant] for the last three years." (Mot., Subpoena.) Defendant objects to the government's "collection attempt" because (1) Russell's deposition was not recorded nor was the oath or affirmation administered to her in accordance with Fed. R. Civ. P. 30; (2) the money defendant gave to Russell is exempt from collection under 18 U.S.C. § 3613 and 26 U.S.C. § 6334; and (3) requiring Russell to repay the money received would result in financial hardship on her. (Mot. at 2.)

To the extent defendant objects to the subpoena issued to Russell, the court agrees with

the government that defendant lacks standing to challenge that subpoena. "'Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena.'" United States v. Gordon, 247 F.R.D. 509, 509-10 (E.D.N.C. 2007) (quoting United States v. Idema, 118 Fed. Appx. 740, 744 (4th Cir.2005) (per curiam)). The objections defendant raises do not show that he has a personal right, or a privilege in, the information the government seeks of Russell, that being documentary evidence of assets she has received from or being held for defendant.

Rather, the objections, other than one concerning non-compliance with Rule 30, constitute a substantive challenge to any efforts on the part of the government to recover funds from Russell. Again, defendant has a problem with standing to make such a challenge. In addition, it is not clear that the issue is ripe as it is not apparent that the government has even formally sought to recover any funds from Russell.

The motion is DENIED.

This 5 August 2010.

W. Earl Britt
Senior U.S. District Judge

2